Nash, C. J.
 

 The main question involved in this action is ■decided in
 
 E. C. Lindsay, Chairman,
 
 &c. v.
 
 Dozier and others, (ante
 
 275.) It is there decided that the bond of the sheriff, Dozier, did cover the tax laid for the benefit of the Common School fund in the county of Currituck. The present action is brought on the official bond of the defendant Lindsay, as a former Chairman of the Board of Superintendents of the Common Schools in Currituck county. The Act of 1844, in the 6th sec., after pointing out the duty of the Sheriff in relation to the Common School tax, proceeds, “ and for breach of said condition by the sheriff, the Chairman of the Board of Superintendents shall have the same remedies against him and his sureties as are given to the County Trustee for collecting the ordinary county taxes: except that his right of action shall arise on the first day of November in each and every year.” The defendant Lindsay was appointed Chairman in February 1848, and he brought the preceding action against the sheriff Dozier and his sureties, the writ bearing test at November Term, 1849. According to the Act of 1844, a cause of action against the sheriff for not paying over the tax of the preceding year accrued to him on the first of November 1848, and he ought then to have brought his action. But he failed to do so under the apprehension that he could not make a recovery on the bond given by Dozier. For this breach of duty, he rendered himself liable to this action. We think however, that the plaintiffs are entitled to but nominal damages. In the case against Dozier referred to, Lindsay, the defendant here, has recovered to the use of the county school fund of Currituck, the same sum for which he is sued in this action. Both actions are brought for the benefit of the same fund, and if the sum really due is recovered in the first, it cannot be recovered a second time. As
 
 *325
 
 it has suffered, and will suffer no real damage by the failure of the defendant to bring his action at the proper time, the plaintiffs who sue in behalf of the committee of the Common Schools are entitled to nominal damages only.
 

 Per Curiam. Nonsuit set aside, and a
 
 venire de novo
 
 awarded.